Vikram Valame
4039 2nd Streeet Palo Alto, California 94306
(208) 994-3067
vik.valame@gmail.com

*Pro Se*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIKRAM VALAME,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH R. BIDEN, President of the United States, *et. al*.,<br><br>  Defendants. | CASE NO. 5:23-cv-3018 NC<br><br>**STIPULATED REQUEST AND [PROPOSED] ORDER TO EXTEND TIME FOR SERVICE OF PROCESS** |

Pursuant to Local Rules 6-3 and Federal Rule of Civil Procedure 4(m), I, Vikram Valame, move that the Court extend the time allotted for service of process on Defendants Steven L. Kett and John Arbogast.

1. I filed the operative complaint in this case on June 20, 2023. Accordingly, my deadline to serve the complaint and supporting papers on all defendants is September 20, 2023.

2. On July 7, 2023, I sent service to all official defendants by certified mail, and requests to waive personal capacity service to Kett and Arbogast.

3. As explained in the parties' stipulation to vacate the case management conference (ECF No. 26) I successfully served the United States on July 10, 2023.

4. On July 20, 2023, the certified mail package containing service for Steven L. Kett in his official capacity was returned to me. On July 31, 2023, the certified mail package containing service for John Arbogast in his official capacity was returned to me. The package containing the waiver of service for Arbogast was also returned on that date.

5. The request for Steven L. Kett to waive service was never returned. According to the postal service, it was delivered on July 10, 2023.

6. I waited for the United States to appear before the court so that I could contact the United States and request the proper addresses to serve defendants.

7. On August 14, 2023[1], Mr. Gerardi contacted me and informed me that the United States would be appearing and answering the complaint by September 8th. On August 15, 2023, I asked the US attorney what the proper address for service on Kett and Arbogast was.

8. Later that day, Mr. Gerardi informed me that official capacity service had in fact occurred on Kett, but that plaintiff would still have to serve Kett in his individual capacity. Mr. Gerardi directed me to FRCP rule 4(i)(3) and FRCP 4(e) on how to effect that service.

9. Since Mr. Gerardi had confirmed official service despite the returned mail, I prepared to send further certified mail containing personal capacity waivers of service to the Selective Service System office that I previously had sent service to. I prepared to send waivers because FRCP 4(d) expressly references rule 4(e) and states that it applies to individuals subject to service under Rule 4(e).

10. On August 21, 2023, Mr. Gerardi corrected his earlier email. Mr. Gerardi stated that Mr. Kett and Arbogast has in fact not been served and provided a new mailing address for service.

11. Later that day, I confirmed receipt of the email, and informed Mr. Gerardi that I would send both official capacity service and individual waivers to the address listed.

12. On August 22, 2023, Mr. Gerardi inadvertently copied me on an email informing other government lawyers that I misapprehended the law, and that defendants would be instructed not to fill out or act upon any mail containing waivers of

---

[1] Times may be off by 6-9 hours, as email services are now synced with Central European Standard Time.

service.

13. Shortly thereafter, I flew to Europe to begin my first semester of college in Berlin, Germany. This disrupted my efforts to find a reliable process service company that could access the interior of a Space Force base. Additionally, my signed and sealed certificates of service were left at home in my desk, meaning that supplying them to a process service company was difficult.

14. Although I was initially unable to pay American companies dud eto converting my electronic payment tools to Euros, I have now resolved that difficulty and have signed up with a Process Service company. However, I have yet to receive confirmation that they will accept the job and my payment.

15. Rule 4(m) states that courts may extend the time allotted for service upon a showing of "good cause". Since I am proceeding *Pro Se*, have diligently tried to serve defendants, and have been frustrated by circumstances not entirely within my control, that modest requirement is met here.

16. I believe that a 26-day extension of time to serve defendants will allow me to complete both official capacity and personal capacity service. This would mean that the new deadline is October 16, 2023.

17. This will have minimal impact on the ultimate time taken to resolve the case. The United States and I have already agreed upon a briefing schedule for dispositive motions to be filed. In order for the case to proceed against defendants Kett and Arbogast in either capacity, my summary judgment motion would have to be granted.

18. The United States has indicated that it takes no position on this request, and will not file a response.

A proposed order is attached.

DATE:  September 18, 2023                              Respectfully submitted,

*/s/Vikram Valame*_____
Vikram Valame 4039 2nd St. Palo Alto, CA 94306 vik.valame@gmail.com

*Valame v. Biden*, No. 5:23-cv-3018 NC
Stipulated Request and [Proposed] Order to Set Extend Time for Service of Process

## DECLARATION

I declare, under penalty of perjury, that the factual assertions contained in this stipulation are true and correct to the best of my knowledge.

/s/ Vikram Valame
Vikram Valame
*Pro Se*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28