Vikram Valame

4039 2nd Street Palo Alto, California 94306

208-994-3067

vik.valame@gmail.com

Pro Se *Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| Vikram Valame, | Case Number: 5:23-cv-03018-NC |
| Plaintiff, |  |
| vs. | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Joseph Robinette Biden, President of the United States, et al., | Date: December 13, 2023<br>Time: 1:00 p.m.<br>Place: Courtroom 5, 4th floor |
| Defendants. | Hon. Nathanael Cousins |

Plaintiff's Motion for Summary Judgment

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

NOTICE OF MOTION AND MOTION ............................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

I.   INTRODUCTION ......................................................................................................... 2

II.  FACTS ........................................................................................................................... 2

III. LEGAL STANDARD .................................................................................................... 3

IV.  ARGUMENT ................................................................................................................. 4

A.   Plaintiff Has Shown a Strong Likelihood of Success on the Merits ............................. 4

B.   Irreparable Harm will be Inflicted upon Plaintiff Absent Relief .................................. 4

C.   The Equities Overwhelmingly Favor Preliminary Relief ............................................. 6

V.   CONCLUSION .............................................................................................................. 8

# TABLE OF AUTHORITIES

### CASES

*Ariz. Dreamact Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014)..........................................5

*Chalk v. United States District Court Central District of California*, 840 F.2d 701, 709 (9th Cir. 1988)...................................................................................................................................4, 5

*Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)....................................4

*Enyart v. Nat'l Conf. of Bar Exam'rs, Inc*., 630 F.3d 1153, 1156, 1165–66 (9th Cir. 2011) ..........5

*Equal Emp't Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 929 (9th Cir. 2018)................5

*Garland v. Aleman Gonzalez,* 142 S. Ct. 2057, 213 (2022).............................................................4

*Goodman v. Lukens Steel Co*., 482 U.S. 656, 107 S. Ct. 2617 (1987).............................................5

*Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).............................................................4

*Johnson v. California*, 545 U.S. 162, 172 (2005)...........................................................................6

*Marsh v. J. Alexander's LLC*, 905 F.3d 610, 651 (9th Cir. 2018) ..................................................7

*Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).............................................................4

*New York State Rifle & Pistol Assn., Inc. v. Bruen*, No. 20-843, 23 (U.S. Jun. 23, 2022) ..............6

*Nken v. Holder*, 556 U.S. 418, 435 (2009).....................................................................................3

*Physicians for Soc. Responsibility v. Wheele*r, 956 F.3d 634, 647 (D.C. Cir. 2020) ......................7

*Ramos v. Wolf*, 975 F.3d 872, 888 (9th Cir. 2020) .........................................................................4

*Sambrano v. United Airlines, Inc.*, No. 21-11159, 20 (5th Cir. Feb. 17, 2022) ..............................6

*Sammartano v. First Judicial District Court*, 303 F.3d 959 (9th Cir.2002) ..................................6

*See e.g. J.E.B v. Alabama ex rel T.B.*, 511 U.S. 127, (1994)..........................................................6

SELINA KEENE, ET AL V. CITY AND COUNTY OF SAN FRANCISCO, ET AL, No. 22-16567 (9th Cir. 2023)..............................................................................................................................6

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll*., No. 20-1199, 37 (U.S. Jun. 29, 2023)......................................................................................................................6

*Thompson v. N. Am. Stainless*, 562 U.S. 170, 176 (2011) ..............................................................4

*V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071 (6th Cir.1994) .............................6

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ...................................................3

### STATUTES

5 U.S.C. §3328............................................................................................................................2

50 U.S.C. § 3801.......................................................................................................................2

OTHER AUTHORITIES

Inspired to Serve, Executive Summary, The Final Report of the National Commission on
　　Military, National, and Public Service (March 2020), available at
　　https://docs.house.gov/meetings/AS/AS00/20210519/112680/HHRG-117-AS00-Wstate-
　　HeckJ20210519-SD001.pdf......................................................................................................8

Ruth Bader Ginsburg, *Sex Equality and the Constitution*, 52 TUL. L. REV. 451, 455 (1977-
　　1978).......................................................................................................................................2

*USAJOBS, https://www.usajobs.gov/* .........................................................................................5

TREATISES

11A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure §
　　2948 (3d ed. 2013 & 2019 supp.) ..........................................................................................7

REGULATIONS

32 C.F.R. §1615.3.....................................................................................................................2

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Plaintiff Vikram Valame hereby moves the court to issue an order temporarily restraining the United States Federal Government from denying him any government benefit, including employment, due to his failure to register under the Military Selective Service Act. Mr. Valame also moves that the court issue an order to show cause regarding the issuance of a preliminary injunction granting the same relief pending a final determination of this action on the merits. The proposed order is attached.

      This application is made pursuant to Rule 65 of the Federal Rules of Civil Procedure. It is made based on this Notice, the attached Memorandum of Points and Authorities, the attached declaration of Vikram Valame, and prior summary judgment papers filed with the court, as well as any further arguments or evidence that may be presented.

      There is good cause to grant this relief. Defendants intend to imminently deny Plaintiff a job opportunity he is concededly qualified for based solely on his sex. The 28th Amendment flatly bars such odious action. Despite its assurances to the contrary, the Federal Government has stated that Plaintiff will be barred from employment with the Government unless he declares under penalty of perjury that he has registered by **January 22nd, 2024.** Plaintiff thus respectfully requests that the Court issue temporary relief before 5:00 p.m. Eastern Standard Time on the 22nd.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

"[S]o far as laws and officialdom are concerned, males and females, our daughters and our sons, should be free to grow, develop, choose, and aspire in accordance with their individual talents and capacities." Ruth Bader Ginsburg, *Sex Equality and the Constitution*, 52 TUL. L. REV. 451, 455 (1977-1978). Despite this fundamental premise of our constitutional system (and its representations in this court), the Federal Government has denied Plaintiff a position to which he is otherwise qualified for based solely on his sex, an immutable characteristic of Plaintiff's birth. This court should prevent the government from acting upon its discriminatory threats and order the government to adhere to its initial decision to employ Plaintiff.

### II.  FACTS

Plaintiff Vikram Valame is a male citizen of the United States between the ages of 18 and 25. The Military Selective Service Act (50 U.S.C. § 3801 *et seq.*) (the "MSSA") thus requires Plaintiff to register with defendant Selective Service System (the "SSS") for a potential call to national service. The SSS has interpreted the Military Selective Service Act to bar women from registering, even if they wish to do so. 32 C.F.R. §§ 1615.3-1615.5.

As detailed in Plaintiff's First Amended Complaint and the accompanying declaration, Plaintiff has "knowingly and willfully" failed to register with the SSS, which prevents him from obtaining any appointment to an executive branch agency. *See* 5 U.S.C. §3328; FAC at ¶41, 49; Supplemental Valame Declaration ¶11, 14. Nevertheless, Plaintiff applied for two paid positions within the Executive Branch: the Nuclear Regulatory Commission ("NRC") "Temporary Student Internship" program and the Defense Counterintelligence and Security Agency's summer internship. Supplemental Valame Declaration ¶8, 12.

Plaintiff was contacted by the NRC in early December for a panel interview and reference list. Second Supplemental Valame Declaration ¶4. On January 11th, the NRC contacted Plaintiff and informed him that he had been tentatively selected as an intern pending completion of the OF-306 Declaration for Federal Employment. Second Supplemental Valame Declaration

¶5. The OF-306 document, signed under penalty of perjury, required Plaintiff to disclose his SSS registration status. Second Supplemental Valame Declaration ¶7. Plaintiff truthfully stated that he was not registered with the SSS, and stated that the registration requirement was unconstitutional when prompted to explain why. Second Supplemental Valame Declaration ¶8. Plaintiff then completed the remainder of the form and submitted it to the NRC employment portal.

On January 18, 2024 an NRC HR officer contacted Plaintiff and informed him that if he did not register with the Selective Service and confirm such registration through a new OF-306 form by **January 22, 2024**, his internship offer would be revoked[1]. Second Supplemental Valame Declaration ¶9. The NRC included a copy of its draft registration policy, which reads:

> "A male born after December 31, 1959, who was or is required
> to register under section 3 of the Military Selective Service Act,
> and who is not so registered or knowingly and willfully did not so
> register before the requirement terminated or became inapplicable
> to him, is not eligible for employment with the NRC".

Second Supplemental Valame Declaration ¶10. Plaintiff gave notice to the government that he would file a TRO. The government has indicated that it will oppose Plaintiff's motion. Plaintiff now moves this court for relief from the Government's discriminatory actions.

### III.    LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is a party, the public interest and balance of the equities merge into a single factor. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

In the Ninth Circuit, a party may also procure a preliminary injunction by satisfying the "sliding scale" test, "such that where there are only serious questions going to the merits—that is, less than a likelihood of success on the merits—a preliminary injunction may still issue so

---

[1] Counsel for the Government were provided a copy of this email exchange. A copy can be provided to the Court if required.

Plaintiff's Motion for a TRO              3              Case No. 5:23-cv-03018-NC

long as the balance of hardships tips sharply in the plaintiff's favor and the other two factors are satisfied." *Ramos v. Wolf*, 975 F.3d 872, 888 (9th Cir. 2020) (internal quotation marks omitted) (collecting cases).

## IV.   ARGUMENT

### A.   Plaintiff Has Shown a Strong Likelihood of Success on the Merits

A detailed discussion of the merits can be found in Plaintiff's briefs in support of his Motion for Summary Judgment. (ECF 30, 39). Even if the Court is not thoroughly convinced by the arguments raised by Plaintiff, the wide range of authorities and secondary literature advocating for Plaintiff's interpretation of Article V proves that there are at least "serious questions" about the validity of the prefatory deadline contained in the 28th Amendment's proposing resolution.

Although defendants and the court raised questions about Plaintiff's standing to bring this lawsuit, the imminent, explicit threat to revoke Plaintiff's offer of employment "undoubtably" meets the requirements of Article III. *Thompson v. N. Am. Stainless*, 562 U.S. 170, 176 (2011).

### B.   Irreparable Harm will be Inflicted upon Plaintiff Absent Relief

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)). It therefore follows "inexorably" from a "conclusion that the government's current policies are likely unconstitutional * * * that Plaintiffs have also carried their burden as to irreparable harm." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (abrogated on other grounds by *Garland v. Aleman Gonzalez,* 142 S. Ct. 2057, 213 (2022)).

This conclusion does not change in the context of employment discrimination; the constitutional and stigmatic injuries suffered by Plaintiff are distinct from the loss of the salary paid by the NRC to student interns. *See Chalk v. United States District Court Central District of California*, 840 F.2d 701, 709 (9th Cir. 1988) ("Several cases support petitioner's claim that his non-monetary deprivation is irreparable"). Here, the existence of confessed discrimination by a government actor by itself is a "fundamental injury to the individual rights of a person" that

Courts are empowered to redress. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S. Ct. 2617 (1987).

Plaintiff has also alleged and substantiated the stigmatic harms created by defendants' discrimination. FAC at ¶39; Supplemental Valame Declaration ¶17. *Chalk* states quite directly that in these circumstances "plaintiff is not claiming future monetary injury; his injury is emotional and psychological — and immediate. Such an injury cannot be adequately compensated for by a monetary award after trial." 840 F.2d 701, 710; *see also Equal Emp't Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 929 (9th Cir. 2018) ("while [Plaintiff] can receive back pay and reinstatement at law, no legal remedy can fully right the wrong of such a dignitary affront"). For their part Defendants' objections to Plaintiff's emotional injuries centered around a purported requirement that Plaintiff point to some "real, adverse consequence" against him to establish harm. Defendants' Supplemental Brief (ECF 54) at 12-14. Now that the government has issued a formal threat of adverse action against Plaintiff, that requirement is clearly satisfied.[2]

Plaintiff has also "demonstrated irreparable harm in the form of the loss of opportunity to pursue her chosen profession." *Enyart v. Nat'l Conf. of Bar Exam'rs, Inc.*, 630 F.3d 1153, 1156, 1165–66 (9th Cir. 2011). By barring Plaintiff from all federal employment, the government has prevented Plaintiff from following "unique hiring paths" that "represent our diverse society" to "Build a Better America". USAJOBS, https://www.usajobs.gov/. Where else could Plaintiff find a role in aiding the management of nuclear reactors and the safe acquisition of materials for a national regulatory agency? "The irreparable nature of Plaintiffs' injury is heightened by Plaintiffs' young age," as "Setbacks early in their careers are likely to haunt Plaintiffs for the rest of their lives" *Ariz. Dreamact Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). This court should not permit the government to harm Plaintiff in such a manner when it has affirmatively conceded that Plaintiff is competent for his role.

Finally, the government inflicts irreparable injury on Plaintiff by presenting him with a Hobson's choice: "lose your faith and keep your job, or keep your faith and lose your job." *See*

---

[2] The fact that "thousands of women have served with distinction in a wide range of combat roles", *ibid,* does not diminish Plaintiff's injury. If anything, the fact that Women and Men are similarly situated *heightens* the arbitrariness of the government's decision to deny Plaintiff employment while accepting non-male applicants.

Plaintiff's Motion for a TRO     5     Case No. 5:23-cv-03018-NC

*SELINA KEENE, ET AL V. CITY AND COUNTY OF SAN FRANCISCO, ET AL,* No. 22-16567 (9th Cir. 2023) (unpublished). The Fifth Circuit has found that "Putting employees to this coercive choice imposes a distinct and irreparable harm beyond lost pay, benefits, seniority, and other tangible and remediable losses." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 20 (5th Cir. Feb. 17, 2022) (unpublished). While *Sambrano* arose in the context of religious discrimination, its analysis applies with equal force to any protected class, as the nature of the coercive choice remains the same.

      Crucially, the stigmatic, professional, and coercive injuries suffered by Plaintiff arise independently of the merits. Plaintiff would suffer the exact same injuries even if defendant's conduct was lawful. A strong likelihood of irreparable injury would therefore exist even if the Court found that Plaintiff had only established a "serious questions" going to the merits of his claims.

### C. The Equities Overwhelmingly Favor Preliminary Relief

      "Undoubtedly, the overriding interest in eradicating discrimination from our civic institutions suffers whenever an individual is excluded from making a significant contribution to governance on account" of an immutable characteristic. *Johnson v. California*, 545 U.S. 162, 172 (2005). Invidious discrimination "demeans the dignity and worth of a person" and "such stereotyping can only cause[] continued hurt and injury". *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, No. 20-1199, 37 (U.S. Jun. 29, 2023). While those cases arose in the context of racial discrimination, their rationales, and the text of the 28th Amendment apply with equal force to discrimination on the basis of sex. *See e.g. J.E.B v. Alabama ex rel T.B.*, 511 U.S. 127, (1994) ("We hold that gender, like race, is an unconstitutional proxy for juror competence").

      Independently, it is axiomatic that "it is always in the public interest to prevent the violation of a party's constitutional rights." *Sammartano v. First Judicial District Court*, 303 F.3d 959 (9th Cir.2002) (citing *V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir.1994)). Even if the government disagrees with the balance of interests struck by the 28th Amendment's text, the constitution "is the *very product* of an interest balancing by the people" and must control. *New York State Rifle & Pistol Assn., Inc. v. Bruen*, No. 20-843, 23 (U.S. Jun. 23, 2022).

More prosaic interests also favor Plaintiff. An Internship with the Federal Government in Washington D.C. is his most preferred form of employment, and he had made substantial steps to secure housing and make plans for how to spend his time in the capital. Second Supplemental Valame Declaration ¶12. These interests are particularly weighty in light of the government's acceptance of Plaintiff for employment despite his indication on the NRC's screening application that he had failed to register with the SSS. Supplemental Valame Declaration ¶11. Upsetting Plaintiff's reliance interests *after* soliciting references and conducting interviews is the kind of "surprise switcheroo" courts have repeatedly held unlawful. *Marsh v. J. Alexander's LLC*, 905 F.3d 610, 651 (9th Cir. 2018).

In contrast, the government's interests are near zero. Plaintiff is not requesting that the Court restrain the entirety of the Selective Service Registration System or make a final constitutional determination on the validity of the ERA. Rather, Plaintiff merely seeks to preserve the status quo of his successful job application to the NRC pending further merits review by this court. *See generally* 11A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure § 2948 (3d ed. 2013 & 2019 supp.) (preservation of the status quo through a preliminary injunction "is unobjectionable when used simply to articulate the desire to prevent [the] defendant from changing the existing situation to [the] plaintiff's irreparable detriment").

Viewed through this lens, the government plainly has no interest in barring Plaintiff individually from working at the NRC pending a final decision in this litigation on the merits. *See* Defendants' Motion for Summary Judgment at 14 (conceding that individual injunctive relief as to Plaintiff is appropriate). Indeed, the government's interests would be served by an injunction, because "it is in the public interest to select the most qualified, knowledgeable, and experienced candidates" for a position, a class that undisputedly includes Plaintiff. *Physicians for Soc. Responsibility v. Wheeler*, 956 F.3d 634, 647 (D.C. Cir. 2020).

Finally, even if this court were to look at the overall public interest in enforcement of the MSSA, it is clear that no public interest is served from the government's denial in this case. The Federal Government, has apparently been unable to find "even a single enforcement action taken against an individual for failure to register for the draft in the last 38 years—since at least

1986".[3] Defendants' Supplemental Brief at 4. If the Government has apparently found enforcement unwarranted for the tens of thousands of people who seek status information letters from the SSS each year (*see* Exhibit E) then enforcement against Plaintiff is clearly also unwarranted. Furthermore, defendants admit that a Congressional commission has found that the public interest weighs *against* enforcement of the draft on a sex-discriminatory basis. See Inspired to Serve, Executive Summary, The Final Report of the National Commission on Military, National, and Public Service (March 2020), available at https://docs.house.gov/meetings/AS/AS00/20210519/112680/HHRG-117-AS00-Wstate-HeckJ20210519-SD001.pdf. In light of these fundings, the government can claim no injury from a narrow injunction prohibiting sex discrimination against Plaintiff.

## V.    CONCLUSION

A temporary restraining order should be granted prohibiting defendants from taking adverse employment action against Plaintiff for a period of 14 days. The Court should also issue a preliminary injunction (within the 14 days TRO period) after the government has filed its reply for substantially the same reasons laid out above.

Plaintiff respectfully requests that the Court grant special solitude to this filing and construe its arguments and compliance with the relevant rules broadly due to Plaintiff's *Pro Se* status and the time pressure under which this motion was filed.

Date: January 19th, 2024            Sign Name: _____

                                    Print Name: Vikram Valame

---

[3] It is quite a coincidence that only days after the government's brief was filed, apparently unprecedented enforcement action was taken against Plaintiff.