UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM VALAME,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH ROBINETTE BIDEN, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03018-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF 30, 38, 39, 57 |

Plaintiff Vikram Valame alleges the government's military draft registration requirements discriminate against him on the basis of sex. At the core of his argument, Valame contends the States ratified the Equal Rights Amendment ("ERA") as the 28th Amendment to the Constitution. Defendants counter there is no 28th Amendment and Valame cannot state a claim for relief. Finding no 28th Amendment at the end of the Constitution, this Court agrees with Defendants. Accordingly, this Court finds Valame cannot state a claim for relief and DISMISSES his claims with prejudice. This Court DENIES Valame's motion for a temporary restraining order on the same grounds.

**I.    BACKGROUND**

　**A.    Military Selective Service Act**

Valame challenges the registration provisions of the Military Selective Service Act, 50 U.S.C. §§ 3801–3820 ("MSSA"). Generally, the MSSA requires male citizens and residents of the United States between the ages of 18 and 26 to register with the Selective Service System

("SSS"). 50 U.S.C. §§ 3802(a), 3809. Those who fail to register may face penalties or denial of federal benefits. *See* §§ 3811(a), 3811(f). Women are not required to register. *See* 50 U.S.C. § 3802(a). Registrants must keep SSS informed of their current address. *See* 32 C.F.R. § 1621.1(a).

### B. Factual History

Valame is an 18-year-old male. ECF 51 ("FAC") ¶ 1. He is a US citizen residing within this District. *Id.* Under the MSSA, Valame is required to register with the SSS. *See id.*; 50 U.S.C. §§ 3802(a), 3809. Valame "has knowingly and willfully refused to register for the draft, despite his obligation to do so." FAC. ¶ 23.

Generally, Valame "does not wish to spend time, postage money, cellular data, or other limited resources registering for the military draft." *Id.* ¶ 20. Nor will Valame "obey the [change in address] notification requirement." *Id.* ¶ 25. According to Valame, this notification requirement harms him because it "requires the expenditure of time and money to pay for communications to the SSS." *Id.* ¶ 25.

Valame also states he "suffers serious stigmatic injury from the implicit view that he is expendable and required to defend his county on an unequal basis with his fellow citizens." *Id.* ¶ 39. Overall, Valame claims the MSSA requirements cause him to "suffer[] frustration and significant anxiety about his role in society." *Id.* ¶ 25.

Valame claims to experience further harm "because these provisions deny him job opportunities provided by the federal government." *Id.* ¶ 40 (cleaned up). These harms form the basis of his motion for a temporary restraining order. *See* ECF 75 ("TRO"). Valame states he applied for a summer internship with the Nuclear Regulatory Commission. TRO at 2. According to Valame, the NRC tentatively selected him for an internship, before informing him it would revoke his offer if he did not register with the SSS. TRO at 2. Valame asks this Court to restrain Defendants from "taking adverse employment action against" him. TRO at 8.

### C. Procedural History

Valame filed his complaint *pro se* on June 20, 2023. ECF 1. He followed with a motion for summary judgment on September 15, 2023. ECF 30. Defendants countered on

2

1  September 29, 2023, with an opposition to Valame's motion and cross motion to dismiss.
2  ECF 38. Valame filed his own opposition on October 13, 2023. ECF 39.
3  After a hearing on the parties' cross motions, Valame filed an amended complaint
4  on December 19, 2023. *See* FAC. Valame brings five claims against Defendants: three for
5  declaratory relief under the Administrative Procedures Act; a *Bivens* claim; and a
6  California Bane Act claim. *See id*. at ¶¶ 52–81. Each claim relies on Valame's
7  "constitutional rights under the 28th Amendment." *See id*. at ¶¶ 54, 58, 66, 75, 80.
8  Valame realleges these same claims with reference to the 5th Amendment, though he
9  concedes those "claims are foreclosed by binding precedent."[1] *Id*. ¶ 82–83.

Per this Court's request, the parties also filed supplemental briefing on the issue of standing.[2] ECF 52, 54. Defendants "incorporate[d] all of the arguments for dismissal contained in their motion to dismiss" into their supplemental brief. *See* ECF 54 at 1 n.1. This Court finds Defendants' incorporated arguments sufficiently address Valame's FAC without need for further briefing.

Before this Court issued a ruling, Valame moved for a temporary restraining order. *See* TRO.

Both parties have consented to magistrate judge jurisdiction. ECF 3, 25.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail

---

[1] This Court agrees and DISMISSES with prejudice Valame's claims referencing the 5th Amendment.
[2] Though this Court thanks the parties for their thoughtful briefing on the issue of standing, it decides this matter on other grounds and does not reach that issue.

*Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Valame's claims depend on the existence of a 28th Amendment. This Court finds no such amendment in the Constitution. Defendants convincingly cite to persuasive authority supporting this finding. On the other hand, Valame has not provided any court authority indicating otherwise. Accordingly, this Court DISMISSES Valame's claims. Because it relies on the same failed legal theory, this Court also DENIES his TRO.

### A. History of the ERA

Though not necessary to our analysis, this Court quotes a brief history of the ERA:

> The Equal Rights Amendment [] was introduced in Congress [in 1923]. . . . [B]ut it took until 1970 for the proposal to make it to the House Floor. By a vote of 352 to 15, the body proposed its ratification as the [then] Twenty-seventh Amendment to the United States Constitution. *Illinois v. Ferriero*, 60 F.4th 704, 711–12 (D.C. Cir. 2023). The Senate, however, did not take it up and it lapsed. Two years later, both chambers passed the resolution proposing the Amendment for ratification and submitted it to the 50 states. Contained within the resolution, although not the text of the ERA, was a seven-year deadline within which three-quarters of the states, 38 of them, were required to vote affirmatively for the Amendment to be ratified. *Id.* at 712.
> 
> As of 1982 only 35 states had voted to ratify, even though the deadline had been extended by three years. For the next 30 years, the ERA was presumably considered dead, but in 2018, Nevada ratified it, followed quickly by Illinois and Virginia. *Id.* at 713. Since then, a battle to accord vitality and validity to the ERA has been fought . . . .

*Elizabeth Cady Stanton Tr. v. Neronha*, No. 22-cv-00245-MSM, 2023 WL 6387874, at *1 (D.R.I. Sept. 8, 2023) (footnotes omitted).

### B. Valame Cannot State a Claim Under a Non-Existent Amendment.

Valame argues a 28th Amendment protects him against discrimination on the basis of sex. *See* FAC ¶ 12. The Constitution does not agree. Nor does persuasive authority. *See, e.g.*, *Ferriero*, 60 F.4th at 719.

#### 1. The Constitution Does Not Include a 28th Amendment.

As an initial matter, no 28th Amendment appears in the Constitution. *See generally* Constitution. Valame does not cite to any court authority finding otherwise. *See generally* ECF 30, 39. "The United States Constitution provides a pathway for adding new Amendments, and Congress has determined that the last step on that path is certification and publication by the National Archivist." *Elizabeth Cady Stanton Tr.*, 2023 WL 6387874, at *7. The Archivist has not taken those necessary steps. *See Ferriero*, 60 F.4th at 713 (recounting how "the Archivist refused to certify and publish the amendment"). This Court finds the 28th Amendment's lack of publication convincing evidence it does not now exist. *See id.*; *see also* Constitution (concluding at 27th Amendment).

Beyond the 28 Amendment's current state of nonbeing, the *Ferriero* court took up the question of whether the Archivist owed a duty to bring it to life. *Ferriero*, 60 F.4th 704. The court walked through the ERA's storied history, *id.* at 711–13, and the certification requirements imposed on the Archivist, *id.* at 713–19. At bottom, the court concluded the Archivist did not have a duty to certify and publish the ERA. *Id.* at 719. This Court finds *Ferriero* persuasive. Thus, not only does the Amendment granting Valame his purported rights not exist, but the Government is also under no duty at this time to bring it into existence. *See id.*

Ultimately, either the 28th Amendment simply does not exist. *See Taylor v. El Centro Coll.*, No. 3:21-CV-0999-D, 2022 WL 102611, at *8 (N.D. Tex. Jan. 10, 2022) ("Taylor's claim under the Equal Rights Amendment fails because there is no such amendment to the United States Constitution."); *Ferguson v. Idaho Dep't of Correction*, No. 4:20-CV-00003-DCN, 2020 WL 1016447, at *1 n.1 (D. Idaho Mar. 2, 2020) ("The Equal Rights Amendment was not ratified and is not part of the United States

Constitution."). Or the Archivist does not owe a duty to certify and publish the ERA, thus precluding its creation. *See Ferriero*, 60 F.4th at 719. For our purposes, the result is the same: there is now no 28th Amendment and Valame cannot state a claim for relief under a constitutional amendment that does not exist.

Therefore, this Court DISMISSES Valame's claims. Because no new allegations would save his claims, this Court finds leave to amend futile. *See Lopez*, 203 F.3d at 1127.

### C. Valame TRO Motion is Denied.

Valame's TRO also hinges on his purported rights under the 28th Amendment. Finding he does not possess those rights, this Court DENIES his application for a TRO.

## IV. CONCLUSION

This Court DISMISSES Valame's claims with prejudice. As his TRO relies on the same legal theory, this Court also DENIES his motion for a TRO.

**IT IS SO ORDERED.**

Dated: January 20, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

6