1   Vikram Valame

2   4039 2nd Street Palo Alto, California 94306

3   208-994-3067

4   vik.valame@gmail.com

5   Pro Se *Plaintiff*

6                    **UNITED STATES DISTRICT COURT**

7                  **NORTHERN DISTRICT OF CALIFORNIA**

8                          **SAN JOSE DIVISION**

9

10          Vikram Valame                    )    Case Number: 5:23-cv-03018-NC
                                             )
11              Plaintiff,                   )
                                             )
12      vs.                                  )    **PLAINTIFF'S MOTION FOR**
                                             )    **INJUNCTION PENDING APPEAL**
13      Joseph Robinette Biden, President of )
    the United States, et al.,               )    Hon. Nathanael Cousins
14                                           )
                                             )
15              Defendants.                  )
                                             )
16                                           )
                                             )
17                                           )
                                             )
18                                           )
                                             )
19                                           )
                                             )
20   _____)

21

22

23

24

25

26

27

28

Plaintiff's Motion for Injunction Pending Appeal

1

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ...................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 3

I.      BACKGROUND .......................................................................................................... 3

II.     LEGAL STANDARD ................................................................................................... 3

III.    ARGUMENT ................................................................................................................ 4

   A.  **The Merits**.................................................................................................................. 4

   B.  **The Equities** ............................................................................................................. 5

IV.    CONCLUSION ............................................................................................................. 5

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Plaintiff Vikram Valame hereby moves the court to enter an injunction temporarily restraining the United States Federal Government from denying him any government benefit, including employment, due to his failure to register under the Military Selective Service Act pending appeal. Mr. Valame moves that this court issue such an order pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1).

Although Mr. Valame acknowledges the court's dismissal of his claims, there is good cause to grant this relief. Since the Court dismissed Plaintiff's claims outright on the merits, it did not evaluate any equitable factors relating to the grant of an injunction pending appeal. Due to serious questions on the merits, defendants should not be permitted to deny Plaintiff a job opportunity he is indisputably qualified for on the basis of his sex until a final adjudication of the merits of Plaintiff's claims.

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.      BACKGROUND

4
5

The proceedings in this case are summarized by this Court's Order Granting Defendants'

Motion to Dismiss (ECF 61). The Court found that Plaintiff's claims failed because "there is now

6

no 28th Amendment." ECF 61 at 6. Although a motion for a TRO had been filed to restrain

7

defendants from rescinding a job offer to Plaintiff, the Court denied Plaintiff's request because it

8

"also [hinged] on his purported rights under the 28th Amendment" that had been adjudicated on

9

the merits and found lacking. *Ibid.*

10

Plaintiff now files this motion for an injunction pending appeal as required by FRAP

11

8(a)(1) and authorized by FRCP 62(d).

12
13

### II.     LEGAL STANDARD

14
15

Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction

over the case, "[t]he district court retains jurisdiction during the pendency of an appeal to act" on

16

a motion for an injunction pending appeal. *Natural Res. Def. Council Inc. v. Sw. Marine Inc.*,

17

242 F.3d 1163, 1166 (9th Cir. 2001). However, Rule 62 "does not restore jurisdiction to the

18

district court to adjudicate anew the merits of the case." *Id.* Thus, although Plaintiff strongly

19

disputes the correctness of this Court's order, this Court's analysis will be accepted for purposes

20

of this motion.

21

The factors governing a stay pending appeal are "(1) whether the stay applicant has made

22

a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

23

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

24

other parties interested in the proceeding; and (4) where the public interest lies." See *Hilton v.*

25

*Braunskill*, 481 U.S. 770, 776 (1987). The Ninth Circuit's "sliding scale" test for preliminary

26

injunctions applies to requests for injunctions pending appeal. *See Southeast Alaska v. U.S. Army*

27

*Corps,* 472 F.3d 1097, 1100 (9th Cir. 2006).

28

Although the Court found that Plaintiff's claims lack merit, this merits determination

should not be rigidly applied to the likelihood of success factor. "[I]f it were, an injunction would

seldom, if ever, be granted 'because the district court would have to conclude that it was probably incorrect in its determination on the merits.'" *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal.2004) (quoting *Oregon Natural Res. Council v. Marsh*, Civ. No. 85-6433-E, 1986 WL 13440, *1 (D. Or. 1986)). "Such a result would not be consistent with the express language of Rule 62[d] which contemplates the possibility that the district court may grant an injunction pending appeal from an interlocutory order denying preliminary injunction." *Am. Beverage Ass'n v. City & Cty. of San Francisco*, No. 15-CV-03415-EMC, 2016 WL 9184999, at *2 (N.D. Cal. June 7, 2016). Where a district court has "ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained[,]'" *Protect Our Water*, 377 F. Supp. 2d at 884 (quoting *Wash. Metro. Area v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)), "an injunction pending appeal may be appropriate, even if the Court believed its analysis in denying preliminary injunctive relief is correct." *Am. Beverage Ass'n*, 2016 WL 9184999, at *2.

## III.     ARGUMENT

### A.  The Merits

Plaintiff interprets this Court's order dismissing his claims as deciding only the ultimate merits of whether the Equal Rights Amendment was ratified, and not analyzing the analytically separate question of whether plaintiff made the lower "serious questions" showing (less than a likelihood of success) required for a preliminary injunction. *Ramos v. Wolf*, 975 F.3d 872, 888 (9th Cir. 2020); *see also* ECF 61 (analyzing "the same legal theory" to deny TRO).

Whatever the ultimate merits may be, the question of whether the Equal Rights Amendment was validly ratified is clearly a "difficult legal question." The Attorneys General of Illinois, Virginia, Nevada, New York, Colorado, Connecticut, Delaware, Hawai'i, Maine, Maryland, Massachusetts, Minnesota, New Jersey, New Mexico, Oregon, Pennsylvania, Rhode Island, Vermont, Washington, and Wisconsin all agree with Plaintiff's interpretation of Article V. *See generally Illinois v. Ferriero,* 60 F.4th 704, 711–12 (D.C. Cir. 2023); Document #1929862 (Brief of New York et. al. as *Amicus Curiae*). The D.C. Circuit took great pains to rule narrowly on the threshold ground of Mandamus Act jurisdiction (and took 26 pages to do so), while declining to reach the merits of the plaintiff states' claims in that case.

In light of this widespread support for Plaintiff's position, the strong arguments made in his Motion for Summary Judgment, and the lack of binding precedent to the contrary, Plaintiff has demonstrated at least serious questions going to the merits of his claims on appeal, even accepting (for the purposes of this motion only), this Court's analysis of his claims.

**B. The Equities**

The equitable factors favoring issuance of temporary injunctive relief are laid out in Plaintiff's motion for a TRO. *See* ECF 57 at 4-8. Each of them applies with equal force to this motion and were unaddressed by this Court's prior order. In combination, they provide the strong equitable foundation required for application of the "serious questions" standard in evaluating the merits. *Ramos*, 975 F.3d 872, 888.

## IV.   CONCLUSION

An injunction prohibiting defendants from taking adverse employment action against Plaintiff based on his failure to register with the Selective Service System should be entered pending an appeal of Plaintiff's claims.

Date: January 21st, 2024          Sign Name: _____

                                  Print Name: Vikram Valame