BRIAN M. BOYNTON
   Principal Deputy Assistant Attorney General
ALEXANDER K. HAAS
   Director, Federal Programs Branch
TERRY M. HENRY
   Assistant Branch Director
ANDREW E. CARMICHAEL
MICHAEL J. GERARDI
   Senior Trial Counsel
ANDREW J. RISING
   Civil Division, Federal Programs Branch
   U.S. Department of Justice
   1100 L St., N.W.
   Washington, D.C. 20005
   Telephone: (202) 616-0680
   E-mail: andrew.j.rising@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIKRAM VALAME,<br><br>               Plaintiff,<br><br>v.<br><br>JOSEPH R. BIDEN, President of the United States, *et. al*.,<br><br>               Defendants. | CASE NO. 5:23-cv-3018 NC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL (ECF NO. 64)** |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

ARGUMENT.........................................................................................................................2

I.   The threshold for granting preliminary relief is extremely high.................................2

II.  Defendants are overwhelmingly likely to succeed on the merits................................3

III. Plaintiff has not demonstrated irreparable harm. .......................................................4

IV.  The balance of equities and public interest favors Defendants..................................7

CONCLUSION......................................................................................................................8

# INTRODUCTION

Plaintiff has been aware since the inception of this lawsuit that one of the consequences of failing to register for Selective Service is ineligibility for employment in the Executive Branch of the United States. *See* Selective Service System, "Benefits and Penalties," https://www.sss.gov/register/benefits-and-penalties/ (last visited Jan. 23, 2024) ("A man must be registered to be eligible for jobs in the Executive Branch of the Federal Government and the U.S. Postal Service."); Compl. ECF No. 1, ¶ 33 (filed June 20, 2023) (citing this website as support for allegation that failure to register "confer[s] lifetime ineligibility for certain state and federal benefits"). In December, Mr. Valame notified the Court that he had recently applied for internship opportunities with federal government agencies that are not named as defendants in this case, including one with the Nuclear Regulatory Commission ("Commission")—opportunities that he has long known he would not be qualified for because he has made an intentional choice not to register for Selective Service. First Am. Compl. ECF No. 51, ¶¶ 42, 46. Plaintiff within the last week was provisionally selected for an internship by the Commission and was told he must complete his registration by Monday, January 22, to remain eligible. In response to the Commission's routine efforts to carry out its legal obligations under the Military Selective Service Act ("MSSA"), and following entry of final judgment in favor of Defendants, Plaintiff filed a Rule 62(d) Motion for Injunction Pending Appeal ("Pl.'s Mot."), ECF No. 64. By his motion, Plaintiff asks the Court to set aside the registration requirements of the Selective Service and award him a victory on the merits pending appeal, despite dismissal of his claims and denial of his previous motion for a temporary restraining order. The Court should deny Plaintiff's motion.

There is no emergency or valid claim here meriting the Court's intervention. Plaintiff's ineligibility for an internship opportunity with the Commission is a foreseeable consequence of his failure to register, and Plaintiff has failed to show that this lost opportunity is, on its own, a sufficient basis for irreparable harm. The timing of Plaintiff's request further buttresses that conclusion. Plaintiff could have sought preliminary relief against agencies from which he was interested in seeking employment months ago. Instead, he waited for the Commission to tell him

what he already knew (that he would not be qualified for an internship absent registration) before seeking emergency relief. Plaintiff's hand in manufacturing his own emergency, on its own, constitutes sufficient grounds to deny the motion.

The remaining factors also favor Defendants. On the merits, Plaintiff has failed to raise serious questions that might justify an injunction pending appeal, much less demonstrate that he is likely to succeed on the merits. Indeed, this Court has already determined that Plaintiff cannot succeed on the merits. *See* Order Granting Defs.' Mot. to Dism., ECF No. 61. Plaintiff offers no persuasive argument to disrupt that holding.

As to the equities, any alternate candidate for the internship position Plaintiff seeks has at least the same equities as Plaintiff and would be harmed by his proposed injunction. Further, despite the seemingly narrow scope of Plaintiff's request, a judicial decision to override long-standing policy and exempt an individual from the statutorily mandated consequences of nonregistration, as well as mandate how the Commission should allocate its limited funds and resources amongst deserving internship applicants, visits the same type of Constitutional harm to the public interest as Plaintiff's request for programmatic relief.

For these reasons, the Court should deny the motion.

## ARGUMENT

### I. The threshold for granting preliminary relief is extremely high.

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Arizona Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2948, pp. 129–30 (2d ed. 1995)). To obtain either form of relief, a plaintiff must establish "[i] that he is likely to succeed on the merits, [ii] that he is likely to suffer irreparable harm in the absence of preliminary relief, [iii] that the balance of equities tips in his favor, [iv] and that an injunction is in the public interest." *Am. Trucking Ass'ns*

*v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Because the federal government is the party opposing the injunction, the third and fourth factors of this test merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Plaintiff bears the burden of demonstrating that each of these factors is met. *DISH Network Corp. v. FCC*, 653 F.3d 771, 776–77 (9th Cir. 2011); *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Even then, an injunction is "an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24.

Plaintiff's brief invokes the "sliding scale" approach to preliminary injunctions, arguing that he need only show "serious questions" going to the merits so long as the balance of hardships tips sharply in his favor and the other preliminary injunction factors are satisfied. Pl.'s Mot. at 3–4, ECF No. 64. Although this approach continues to be utilized in the Ninth Circuit, the court has recognized that "[t]he first *Winter* factor, likelihood of success, is a threshold inquiry and is the most important factor in any motion for a preliminary injunction. That holds especially true for cases where a plaintiff seeks a preliminary injunction because of an alleged constitutional violation." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). But even under the sliding-scale test, Plaintiff's application for preliminary relief pending appeal must be rejected, for he has failed to make an adequate showing on any of the injunctive relief factors.

**II.     Defendants are overwhelmingly likely to succeed on the merits.**

The parties have already briefed the merits of Plaintiff's claims extensively, and this Court has already rejected Plaintiff's arguments and dismissed his complaint for failure to state a claim. *See* ECF Nos. 30, 38, 39, 47, 52, 54, 61. For the reasons stated in this Court's order of dismissal and Defendants' briefs, and the reasons given at oral argument, Plaintiff's complaint does not raise serious questions on the merits, and he has certainly not shown a likelihood of success on the merits, as required by *Winter*. *See Baird*, 81 F.4th at 1042 ("[t]he first *Winter* factor, likelihood of success, is a threshold inquiry and is the most important factor in any motion for a preliminary injunction."); *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020) (same). Binding Supreme Court precedent confirms the legality of the Selective Service

requirement under current law, *Rostker v. Goldberg*, 453 U.S. 57 (1981), and a ruling on Plaintiff's alternative theory regarding ratification of the Equal Rights Amendment would require the Court to disregard Supreme Court precedent, consistent congressional practice, and the persuasive rulings of every other court to have considered the ratification issue.

To generate the appearance of controversy on the merits, Plaintiff points only to the unsuccessful advocacy of other litigants.  *See* Pl.'s Mot. at 4; *see also* Defs.' Mot. for Summ. J. at 8-12, ECF No. 38; Defs.' Reply at 5-8, ECF No. 47.  Merely parroting a losing argument made by others does not grant strength to a meritless position.  Plaintiff's inability to state a claim on the basis of a proposed constitutional amendment that no court has ever recognized as operative is not a close question, and Plaintiff cannot generate the likelihood of success needed to obtain an injunction pending appeal through his mere disagreement with this Court's ruling.  Because his claims have no likelihood of success on the merits, the Court may deny Plaintiff's request for injunctive relief on that basis alone.  *See* ECF No. 61.

### III.    Plaintiff has not demonstrated irreparable harm.

Plaintiff asserts that he has been irreparably harmed by being required to register for the draft, both due to the stigmatic impact of discrimination based on his gender and the loss of valuable career opportunities through the federal government, such as the Commission's internship program.  Pl.'s Mot. for PI at 4–6, ECF No. 57.  Even if Plaintiff were correct, this would not overcome his failure to show a likelihood of success on the merits.  *See Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) ("[E]ven certainty of irreparable harm has never entitled one to a stay.").  And Plaintiff cannot show that a missed internship opportunity will cause him irreparable harm.[1]

The Selective Service registration requirement is a well-known precondition of federal employment that agencies, including the Commission, are under a legal obligation to enforce. *See* 5 U.S.C. § 3358.  Plaintiff's complaints are no different from those of any individual who is passed over for federal employment or discharged from the federal workforce, and longstanding

---

[1] Counsel's understanding is that the Commission has not yet formally rescinded its conditional internship offer to Plaintiff.  Defendants respectfully request, however, that the Court rule promptly to provide clarity on the issue.

precedent recognizes that the natural consequences of such actions typically do not rise to the level of irreparable harm. *See Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir. 1985) ("[T]he possibility of stigma" from a less than honorable discharge from the armed forces is an "'external factor[s] common to most discharged employees and not attributable to any unusual actions relating to the discharge itself [and] will not support a finding of irreparable injury, however severely they may affect a particular individual.'" (quoting *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974))). Moreover, Plaintiff himself acknowledges that the Supreme Court previously upheld a Constitutional challenge to draft registration requirements. *See* Pl.'s Mot. for Summ. J. at 2. As such, Plaintiff's situation is distinguishable from the cases he cites, all of which involved infliction of individualized forms of unlawful discrimination. The enforcement of the registration requirement does not create the type of irreparable, stigmatic harm that cannot wait for a final resolution of this case on appeal.

Plaintiff also claims his career will be disrupted as a result of the inability to obtain an internship at the Commission, but his declaration falls far short of showing that any such disruption amounts to an irreparable injury. He does not claim that the Commission's Temporary 89-Day Summer Student Internship is in any way an essential or irreplaceable opportunity to his career, has not explained if he has even considered or explored other opportunities for summer employment that might be adequate substitutes, and has not demonstrated that he could not pursue opportunities with the federal government at a later date, assuming he is eventually successful in his legal claims against the MSSA. *Cf. Doe v. Rowan Univ.*, No. CV2320657RMBMJS, 2023 WL 6578988, at *6, n.10 (D.N.J. Oct. 10, 2023) (denying TRO and citing cases finding that delay in education and internships is not irreparable harm). Unlike the plaintiffs in *Arizona Dream Act Coalition v. Brewer*, whose ability to obtain many career opportunities was impaired by the prohibition on their obtaining drivers' licenses, Plaintiff has not established that the loss of this particular internship would "hurt [his] ability to advance his career." 757 F.3d 1053, 1068 (9th Cir. 2014). To the contrary, Plaintiff readily admits that he may still *decline* the internship if "he receives a better offer from another employer," undermining his assertion that a delay in his ability to pursue this specific internship opportunity

would constitute an imminent and irreparable harm. First Am. Compl. ¶ 48. *See also Winter*, 555 U.S. at 22 (issuing a TRO "based on the *possibility* of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Plaintiff also asserts that the Commission's ultimatum has disrupted plans he has already begun to make to relocate to Washington, D.C., over the summer, Decl. of Vikram Valame, ECF No. 57-2, at ¶ 12, but his "anxi[ety] and frustrat[ion]" is hardly the fault of Defendants or the Commission. Plaintiff was well aware before he applied for employment that his failure to register was a disqualifying factor, and "self-inflicted wounds are not irreparable injury." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020).

The weakness of Plaintiff's assertion of irreparable harm is underscored by his delay in seeking preliminary relief while the merits of his case were still pending before the district court. A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Trib., Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *see Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) ("[A] party requesting a preliminary injunction must generally show reasonable diligence."). Plaintiff has known since at least the filing of his complaint in June that federal agencies would not offer him employment due to his registration status. *See* Compl. at ¶ 33 (filed June 20, 2023). If Plaintiff believed he would be irreparably harmed due to the inability to obtain a summer internship with a federal agency and knew at least many weeks ago that he in fact was applying for such employment, *see* First Am. Compl. ¶ 42, there was simply no reason to delay seeking some form of relief instead of waiting until the tail end of the district court litigation. Other district courts within this circuit have found that inordinate delays in seeking preliminary relief support a finding that a movant is not entitled to such relief. *Playboy Enters. v. Netscape Commc'ns Corp.*, 55 F. Supp. 2d 1070, 1080, 1090 (C.D. Cal. 1999) (five-month delay "in seeking injunctive relief further demonstrate[d] the lack of any irreparable harm"); *Valeo Intellectual Prop., Inc. v. Data Depth Corp.*, 368 F. Supp. 2d 1121, 1128 (W.D. Wash. 2005) ("A three-month delay in seeking injunctive relief is inconsistent with [the plaintiff's] insistence that it faces irreparable harm."); *Hanginout, Inc. v. Google, Inc.*,

54 F. Supp. 3d 1109, 1132–33 (S.D. Cal. 2014) (seven-month delay weighed against a finding of irreparable harm). This Court should likewise hold that Plaintiff's delay in seeking injunctive relief belies the assertion that the Commission's routine enforcement of the federal registration requirement against Plaintiff constitutes irreparable harm.

**IV. The balance of equities and public interest favors Defendants.**

The balance of equities also tilts in Defendants' favor. As an initial matter, the Commission indicates on its website that its "Summer 2024 Student Internships have been filled," *see* U.S. Nuclear Regulatory Commission, "Frequently Asked Questions About the Temporary Summer Student Program," https://www.nrc.gov/about-nrc/employment/students-summer-faq.html#7 (last visited Jan. 24, 2024). Thus, Plaintiff's requested injunction essentially seeks to require the Commission to hold open the spot tentatively offered him. *See* Exhibit 1 at 2 (copy provided by Plaintiff to Defendants' counsel in connection with recent TRO filing, ECF No. 57). Plaintiff's requested injunction, therefore, may very well compel the Commission to deny or delay consideration of other qualified applicants for the internship position to be held open for Plaintiff—applicants who the Commission would otherwise be free to consider in the absence of an injunction. Such applicants may be out of an internship, or risk having a final decision on their applications delayed if the Court were to order the Commission to affirmatively reserve one of its limited internship spots for Plaintiff pending appeal. At a minimum, the equities of qualified alternate applicants are at least as great as Plaintiff's equities.

The injunction Plaintiff requests here also raises grave separation of powers concerns implicating the public interest. Plaintiff asks this Court to order Defendants and the Commission to waive the requirements of the MSSA pending appeal, undermining the authority of the Executive Branch to effectuate Congress's judgment regarding how to promote military readiness. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (observing that enjoining a sovereign "from effectuating statutes enacted by representatives of its people" is "irreparable injury" (citation omitted)). Such separation of powers concerns, combined with the equities of qualified alternate applicants for the internship position Plaintiff seeks to be awarded, strongly counsel against the Court granting an injunction in this case.

# CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for an injunction pending appeal.

Dated: January 25, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

TERRY M. HENRY
Assistant Branch Director

*/s/ Andrew J. Rising*
MICHAEL J. GERARDI
ANDREW E. CARMICHAEL
   Senior Trial Counsel
ANDREW J. RISING
   Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St., N.W.
Washington, D.C. 20005
Telephone: (202) 616-0680
E-mail: andrew.j.rising@usdoj.gov

*Counsel for Defendants*