UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM VALAME,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JOSEPH ROBINETTE BIDEN, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-03018-NC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**<br><br>Re: ECF 64, 67 |

　　　Plaintiff Vikram Valame moves for an injunction pending his appeal of this Court's dismissal of his case. *See* ECF 64. Finding Valame does not clear the high bar set for such relief, this Court DENIES his motion.

## I. BACKGROUND

　　　In short, Valame's motion follows this Court's dismissal of his claims for relief under a non-existent Amendment. *See* ECF 61. In dismissing Valame's claims, this Court also denied his motion for a temporary restraining order. *Id.* Valame now moves under Federal Rules of Civil Procedure 62(d) for the same injunctive relief: enjoining the Nuclear Regulatory Commission from rescinding its summer internship offer to Valame because Valame has not registered for the selective service. *See* ECF 64.

## II. DISCUSSION

　　　To succeed on his motion, Valame must establish: "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief,

[3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Valame fails to do so.

### A.  Valame Fails to Meet the Standard for an Injunction Pending Appeal

Valame has not established the required elements for an injunction pending appeal. First, Valame is not likely to succeed on the merits. This Court dismissed Valame's claims following extensive briefing as well as oral argument. Despite ample opportunities to persuade this Court, Valame's claims were fundamentally lacking. *See* ECF 61. For the same reasons this Court dismissed Valame's claims, it finds him unlikely to succeed on the merits. *See* ECF 61.

Second, losing a single summer internship opportunity likely does not constitute irreparable harm. *Cf. Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (finding irreparable harm where "Plaintiffs' inability to obtain driver's licenses has . . . prevented them from applying for desirable entry-level jobs, and from remaining in good jobs where they faced possible promotion"). This is especially true when one may not even accept said internship. *See* ECF 51 (explaining Valame's internship decision would depend in part on whether he "receives a better offer from another employer").

Lastly, neither the equities nor public interest favor Valame. Valame asks this Court to restrain a different branch of government from concluding its hiring process. *See* ECF 64. That holdup would likely unfairly trickle down to other qualified candidates. Candidates who, unlike Valame, did not have advanced notice of this probable outcome. This Court finds Valame's arguments to the contrary unconvincing.

### III.  CONCLUSION

Valame's motion for an injunction pending appeal is DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge